Submitted May 2, affirmed August 20, petition for review denied
December 10, 2008 (345 Or 460)

## JOEL C. GUZEK,
*Petitioner,*

*v.*

## BOARD OF PAROLE
## AND POST-PRISON SUPERVISION,
*Respondent.*

## Board of Parole and Post-Prison Supervision
## A132686

191 P3d 800

Joel C. Guzek filed the brief *pro se.*

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Karla H. Alderman, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Petitioner was convicted of various offenses committed in 1985 and 1987, and he was sentenced as a dangerous offender to a maximum of 30 years' imprisonment. ORS 161.725; ORS 161.735. On January 11, 2005, the Board of Parole and Post-Prison Supervision conducted a parole consideration hearing under ORS 144.228, providing for such hearings for dangerous offenders.[1] After the hearing, the board issued an order in which it found that the condition that made petitioner dangerous was not in remission and that he remained a danger to the community. The board set a new parole consideration date of February 28, 2007. Petitioner sought administrative review of the board's order, and the board denied relief.

Petitioner now seeks judicial review of the board's order, arguing that the board erred in failing to make express findings as to whether he can be adequately controlled in the community with supervision and mental health treatment and as to whether the necessary supervision and treatment resources are available. He further argues that the board's failure to make those findings renders its order insufficient for judicial review and that the order violates his rights under Article I, section 20, of the Oregon Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. We affirm.

---

[1] ORS 144.228 provides, in part:

"(1)(a) Within six months after commitment to the custody of the Department of Corrections of any person sentenced under ORS 161.725 and 161.735 as a dangerous offender, the State Board of Parole and Post-Prison Supervision shall set a date for a parole consideration hearing instead of an initial release date as otherwise required under ORS 144.120 and 144.125. The parole consideration hearing date shall be the time the prisoner would otherwise be eligible for parole under the board's rules.

"(b) At the parole consideration hearing, the prisoner shall be given a release date in accordance with the rules of the board if the board finds the prisoner no longer dangerous or finds that the prisoner remains dangerous but can be adequately controlled with supervision and mental health treatment and that the necessary resources for supervision and treatment are available to the prisoner. If the board is unable to make such findings, reviews will be conducted at least once every two years until the board is able to make such findings, at which time release on parole shall be ordered if the prisoner is otherwise eligible under the rules. In no event shall the prisoner be held beyond the maximum sentence less good time credits imposed by the court."

■     We begin with petitioner's contention that the board's order is insufficient in form because of its lack of certain findings. ORS 144.335(3) provides, in part:

> "The order of the board need not be in any special form, and the order is sufficient for purposes of judicial review if it appears that the board acted within the scope of the board's authority. The Court of Appeals may affirm, reverse or remand the order on the same basis as provided in ORS 183.482(8)."

*See also* ORS 183.315(1) (providing that ORS 183.470, which sets out requirements for the form of administrative agency final orders in contested cases, does not apply to orders of the Board of Parole and Post-Prison Supervision).

Petitioner acknowledges that ORS 144.335(3) generally governs the form of the board's orders. He argues, however, that OAR 255-036-0005—the board's rule relating to parole release of persons sentenced as dangerous offenders for crimes committed before November 1, 1989—required the board to make findings regarding its inability to find the facts on which parole release of such offenders is predicated.[2] He further argues that the board's failure to make such findings deprives this court of the ability to determine whether the board "acted within the scope of [its] authority" as provided in ORS 144.335(3). The board responds that it is apparent from the board's order both that the board applied the standards relevant to parole release of dangerous offenders that are set out in ORS 144.228 and OAR 255-036-0005 and that, based on the evidence presented at the hearing, it determined that petitioner did not meet those standards. The

---

[2] OAR 255-036-0005 provides, in part:

"(2) A person sentenced as a dangerous offender for felonies committed prior to November 1, 1989, is eligible for parole release:

"(a) After having served the Board ordered prison term; and

"(b) The Board finds the inmate no longer dangerous; or

"(c) The Board finds the inmate remains dangerous but can be adequately controlled with supervision and mental health treatment and that the necessary resources for supervision and treatment are available to the inmate.

"(3) If the Board is unable to make the findings required by section (2) of this rule, the Board shall schedule reviews once every two (2) years until:

"(a) The Board is able to make the required findings; or

"(b) The maximum court ordered sentence, less good time, expires."

board argues that, because the order demonstrates that the board acted within the scope of its authority, its form is sufficient for this court's review.

We agree with the board. Again, under ORS 144.335(3), the board's order was not required to be in any particular form, but was "sufficient for purposes of judicial review if it appears that the board acted within the scope of the board's authority." On its face, the board's order indicates that petitioner was sentenced as a dangerous offender, that the board held a parole consideration hearing, that the board received a psychological evaluation of petitioner, that the board found that the condition that made petitioner dangerous was not in remission, and that the board therefore was deferring his parole consideration date for 24 additional months. That was sufficient to show that the board was acting within the scope of its authority pertaining to parole consideration for dangerous offenders, as provided in ORS 144.228 and OAR 255-036-0005. The *form* of the board's order was sufficient for judicial review.

■    We turn to petitioner's challenge, again relying on ORS 144.228 and OAR 255-036-0005, to the substance of the board's decision. We review the substance of the board's order for substantial evidence and errors of law. ORS 144.335(3); ORS 183.482(8). Here, petitioner does not argue that the board's order was not supported by substantial evidence in the record. Rather, he argues that, as a matter of law, once the board found that he remained dangerous, it was required, in order to defer his consideration for parole for an additional 24 months, expressly to find that he could not be adequately controlled with supervision and mental health treatment and that the necessary resources for such supervision and treatment were not available. The board responds that, consistently with the text of ORS 144.228 and OAR 255-036-0005, it is required to make certain findings as a predicate to establishing a release date. However, if the board determines that it is "unable to make such findings," ORS 144.228(1)(b), nothing in the statute or rule requires it to make findings to that effect or otherwise relating to the offender's lack of satisfaction of the criteria for establishment of a parole release date. Rather, it need only conduct another review within the required time period.

Again, we agree with the board. By its terms, the relevant statute and rule require the board to make specified findings to justify its establishment of a parole release date for a dangerous offender. The statute and rule do not require any findings when the board decides *not* to establish a release date.

We interpreted ORS 144.228 and OAR 255-036-0005 to the same effect in *Colby v. Thompson*, 183 Or App 311, 52 P3d 1058 (2002). In that case, a dangerous offender who had been denied a parole release date sought habeas corpus relief. On appeal of the trial court's denial of his petition for a writ, he argued that the board had violated ORS 144.228 and OAR 255-036-0005—the same statute and rule at issue here—by failing affirmatively to find not only that he remained dangerous, but also that he could not be adequately controlled in the community with supervision and treatment. *Colby*, 183 Or App at 318. We concluded that neither the statute nor the rule requires the board to make findings as to whether a dangerous offender can be adequately controlled in the community if the board decides not to establish a parole release date; rather, such findings are required only when the board decides to establish a parole release date. *Id.* at 320. Nothing about the different context in which we analyze ORS 144.228 and OAR 255-036-0005 in this case requires a different result. The board's order was not legally deficient by reason of failing to make affirmative findings as to whether petitioner could be adequately controlled in the community with supervision and treatment.

We reject petitioner's constitutional challenges to the board's order without discussion.

Affirmed.